UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Ellen Bardin,                    :
    Plaintiff,               :
                                 :
    v.                       :     File No. 2:07-CV-212
                                 :
USPS Postmaster General          :
John E. Potter, John H.          :
Adams, Donald LeMay,             :
Heather Payne, William           :
Burrus, Elizabeth Powell,        :
and Margo Coy,                   :
    Defendants.              :

OPINION AND ORDER
(Papers 29 and 30)

United States Postal Service ("USPS") employee Ellen Bardin, proceeding *pro se*, brings this action claiming that her transfer to a different post office was unlawful.  Specifically, Bardin claims that her involuntary reassignment was the product of discrimination and unlawful retaliation, and that her employer and union officials violated the terms of a Collective Bargaining Agreement ("CBA").

The defendants now move to dismiss on several grounds, including failure to exhaust administrative remedies.  Bardin concedes that those remedies have not been exhausted, and requests that the case either be

stayed or that any dismissal be without prejudice.  For the reasons set forth below, the motions to dismiss are GRANTED and Bardin's claims are DISMISSED without prejudice.

## Factual Background

Bardin commenced this action on October 12, 2007, seeking to stay her involuntary reassignment from her position as a clerk in the Waterbury, Vermont post office.  At the time of filing, Bardin had been assigned to Waterbury since 1989, working as a full-time clerk since 1993.  In a letter dated August 24, 2007, she was advised that she was being "involuntarily reassigned as a full-time clerk at an installation to be determined in the future."  (Paper 1-4).  On October 19, 2007, the USPS informed her that she was being reassigned to a full-time position in Essex Junction, Vermont.  (Paper 31-2).

Bardin claims that the decision to reassign her is the result of discrimination and retaliation.  Her allegations of discrimination are imprecise, described in the complaint simply as general discrimination and "hostile work environment."  (Paper 1 at 1).[1]  Her

---

[1] In documents she submitted to the EEO office, Bardin raised claims of both gender and age discrimination.  (Paper 30-4 at

2

retaliation claims appear to relate back to prior confrontations with management, such as an incident in 1992 when she was "held out of . . . work." In that instance, a federal court order reportedly required that she be returned to work without retaliation. (Paper 1 at 1). Bardin claims that, despite the court order, "the retaliation and reprisal actions from the management continued toward her." Id. Bardin's claim against union officials is that they have failed to represent her since 1998. Id. at 2.

On October 29, 2007, the Court issued an Opinion and Order denying Bardin's request for a preliminary injunction. Soon thereafter, the defendants moved to dismiss, arguing in part that Bardin failed to exhaust her administrative remedies with respect to her claims under Title VII of the Civil Rights Act of 1964. In response to the motions to dismiss, Bardin requests that this case either be stayed while she "has an opportunity to complete the NLRB and EEOC proceedings relating to her reassignment," or that the case be dismissed without prejudice "so that she may refile at the appropriate

---

1).

time." (Paper 34 at 1).

## Discussion

### I. Motion to Dismiss Standard

On a motion to dismiss, the Court must accept as true the factual allegations in the complaint, and must draw all inferences in the plaintiff's favor. See Allaire Corp. v. Okumus, 433 F.3d 248, 249-50 (2d Cir. 2006). "To survive dismissal, the plaintiff must provide the grounds upon which [her] claim rests through factual allegations sufficient to 'raise a right to relief above the speculative level.'" ATSI Comms., Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007)). The Court remains mindful that *pro se* pleadings are to be read liberally. See Phillips v. Girdich, 408 F.3d 124, 128 (2d Cir. 2005).

### II. Discrimination Claims

The complaint alleges that Bardin has experienced "a hostile work environment, discrimination, and retaliation." Under Title VII, each of these claims must be administratively exhausted. Specifically, Bardin must file a timely complaint with the EEOC and obtain a right

4

to sue letter.  See 42 U.S.C. § 2000e-5(e) and (f); Legnani v. Alitalia Linee Aeree Italiane, S.P.A., 274 F.3d 683, 686 (2d Cir. 2001); Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 82-83 (2001).[2]  "[E]xhaustion of administrative remedies through the EEOC stands as an essential element of Title VII's statutory scheme, and one with which defendants are entitled to insist that plaintiffs comply."  Francis v. City of New York, 235 F.3d 763, 768 (2d Cir. 2000) (internal citation and quotation marks omitted).

    Bardin has been in contact with the EEOC and has initiated the pre-complaint counseling process.  (Paper 30-4).  She acknowledges, however, that the administrative process has not run its course.  Accordingly, she asks the Court to either stay the case or dismiss her claims without prejudice so that she can re-file once exhaustion has been accomplished.  The

---

[2]  Although an age discrimination claim under the ADEA may be brought directly, "'once an aggrieved employee chooses the administrative process, he becomes obliged to timely exhaust administrative remedies before he may pursue an ADEA claim in federal court.'"  Miller v. Potter, 2007 WL 4615611, at *2 (E.D.N.Y. Nov. 29, 2007) (quoting Avillon v. Potter, 2002 WL 252479, at *2 (S.D.N.Y. Feb. 21, 2002)).  This rule applies here, as Bardin has begun the administrative process.  (Paper 30-4).

defendants argue that dismissal without prejudice is the more appropriate choice.

In general, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its own docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North Am. Co., 299 U.S. 248, 254 (1936); accord WorldCrisa Corp. v. Armstrong, 129 F.3d 71, 76 (2d Cir. 1997). The party moving for a stay "bears the burden of establishing its need." Clinton v. Jones, 520 U.S. 681, 708 (1997). When deciding whether to issue a stay, "the basic goal is to avoid prejudice." Kappel v. Comfort, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996).

In this case, the Court sees no reason to favor a stay over dismissal without prejudice. Bardin has made no showing that she will suffer prejudice from dismissal. To the contrary, she has specifically requested that the Court consider such a dismissal. Assuming she meets all appropriate filing deadlines,[3] Bardin should be able to

---

[3] The Court strongly recommends that Bardin consult an attorney with respect to any and all deadlines, including but not limited to relevant statutes of limitations, that may apply to her claims.

re-file a complaint once her administrative remedies are exhausted, with no prejudice to her claims.  See Camarano v. Irvin, 98 F.3d 44, 47 (2d Cir. 1996).

Furthermore, Title VII contemplates administrative exhaustion as a precondition to filing suit.  Francis, 235 F.3d at 768.  The exhaustion requirement gives "the administrative agency the opportunity to investigate, mediate, and take remedial action."  Brown v. Coach Stores, Inc., 163 F.3d 706, 712 (2d Cir. 1998).  The possibility of such remedial action, particularly in a case where the primary relief sought is injunctive,[4] weighs against retaining the case on the Court's docket.  For these reasons, Bardin's claims of discrimination, retaliation and hostile work environment are DISMISSED without prejudice.  See Brown v. General Elec. Co., 1995 WL 340748, at *1 (N.D.N.Y. June 6, 1995).

II.  Collective Bargaining Agreement Claims

In addition to her Title VII claims, Bardin alleges that her reassignment violated the "management/union contract."  The contract violation alleged in her

---

[4] Bardin's complaint requests detailed injunctive relief, as well as reimbursement for her expenses and punitive damages. (Paper 1 at 3).

7

complaint is that part-time employees are supposed to be "cut" before full-time employees. (Paper 1 at 2). Bardin's response to the defendants' motions to dismiss lists a host of other alleged CBA violations. (Paper 31). The government argues that Bardin's reassignment was in full compliance with the CBA, and has moved to dismiss for failure to state a claim under Rule 12(b)(6).

Bardin's *pro se* complaint and her response to the motions to dismiss fail to make reference to any specific provisions of the CBA. As a result, her allegations are largely conclusory. Further, several of the violations alleged in her responsive memorandum occurred post-transfer and are, therefore, not currently a part of the complaint. (Paper 31). While these shortcomings might support an argument for failure to state a claim under Rule 12(b)(6), they would not ordinarily result in the immediate dismissal of a *pro se* complaint. Indeed, courts in this Circuit regularly give plaintiffs at least one opportunity to amend the complaint. See Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991).

In this case, however, the exhaustion issue is again a consideration with respect to Bardin's contractual

8

claims.  In her most recent filing, Bardin notes that there are National Labor Relations Board proceedings that need to be exhausted before her case can continue. (Paper 34).  She therefore requests that the case either be stayed or dismissed without prejudice with respect to both her discrimination claims and her claims of CBA violations.

Allowing amendment of the complaint would only delay the relief all parties now seek, to wit, the halting of proceedings while administrative avenues are exhausted. Furthermore, the complaint is likely to require additional amendment once exhaustion has been completed, and once Bardin retains an attorney (an effort she claims to be undertaking).  Therefore, rather than granting leave to amend at this time with respect to Bardin's CBA claims, the Court will DISMISS the entire complaint without prejudice so that it may be re-filed, as properly amended, at an appropriate time in the future.

## Conclusion

For the reasons set forth above, the defendants' motions to dismiss (Papers 29 and 30) are GRANTED, and

this case is DISMISSED without prejudice.

    Dated at Burlington, in the District of Vermont, this 24th day of March, 2008.

                      <u>/s/ William K. Sessions III</u>
                      William K. Sessions III
                      Chief Judge, United States District Court